would be $90.48—making a total for freight, carting, and storage of $151.24. This deducted from $793.35 leaves a balance of $642.11.

Plaintiff should have judgment against the defendant for $642.11, with interest on same from August 30, 1900, with costs of this action.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Davies, Johnson & Wilkinson, for appellant.
M. B. Hall, for respondent.

PER CURIAM.    Judgment affirmed, with costs, on opinion of Referee Southworth.

---

(51 Misc. Rep. 337.)

### In re 112TH AND 113TH STS. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.  July, 1906.)

EMINENT DOMAIN—PROCEEDINGS FOR CONDEMNATION—QUALIFICATIONS OF COMMISSIONERS OF ESTIMATE.

New York City Revised Charter, Laws 1901, p. 610, c. 466, provides, in relation to the acquisition of lands for public purposes, that commissioners of estimate shall be appointed, who shall be subjected to challenge on any ground disqualifying a juror.  Code Civ. Proc. § 1027, provides, as to the general qualification of jurors, that a person must be assessed for personal property to the amount of $250, or the owner of a freehold estate situated in the county belonging to him in his own name and of the value of $150, or the husband of a woman who is the owner of a like freehold estate.  Section 1034 provides that section 1027 shall not apply to the city and county of New York or the county of Kings.  The qualifications of a juror in New York county, as provided by section 1079, are that he must be the owner in his own right of real or personal property of the value of $250, or the husband of a woman who is the owner in her own right of real or personal property of that value.  Section 1126 provides that a juror in the county of Kings must be the owner in his own right of real property of the value of $150, or of personal property of the value of $250, or the husband of a woman being the owner of such real or personal property of such value in her own right.  Held, that the provisions of section 1027 do not apply to commissioners in New York county, but their qualifications are governed by section 1079, though otherwise there are different qualifications in the different boroughs.

Judicial proceeding in the matter of the application of the board of education relative to the acquisition of lands on 112th and 113th streets, New York, for school purposes.  Objection by property owners to the qualifications of one of the commissioners of estimate and appraisal. Objection overruled.

Edward W. Murphy (Joseph A. Flannery, of counsel), for objecting property owners.
John J. Delany, Corp. Counsel (Charles N. Harris, of counsel), opposed.

GIEGERICH, J.  A challenge has been made on behalf of owners of property affected by this proceeding to the qualification of one of the commissioners of estimate and appraisal heretofore appointed.  Section 1437 of the revised charter (Laws 1901, p. 610, c. 466) provides that:

"The court * * * shall name three discreet and disinterested persons, being citizens of the borough where the property to be taken is located, as commissioners of estimate and appraisal, for the purpose of performing the duties hereinafter mentioned. * * * They shall be subject to the right of challenge by any person having an interest in said proceedings, upon any ground which would disqualify a judge or juror."

Section 1027 of the Code of Civil Procedure provides for the general qualification of trial jurors, and, so far as necessary to be quoted, is as follows:

"In order to be qualified to serve as a trial juror in a court of record a person must be: * * * (3) Assessed for personal property, belonging to him in his own right, to the amount of two hundred and fifty dollars; or the owner of a freehold estate in real property, situated in the county, belonging to him in his own right, of the value of one hundred and fifty dollars; or the husband of a woman who is the owner of a like freehold estate, belonging to her in her own right."

But section 1034 provides that section 1027 shall not apply to the city and county of New York or the county of Kings. The qualifications of trial jurors in the county of New York are found in section 1079, which, so far as necessary to be quoted, is as follows:

"In order to be qualified to serve as a trial juror in a court in the city and county of New York a person must be: * * * (3) The owner, in his own right, of real or personal property of the value of two hundred and fifty dollars; or the husband of a woman who is the owner, in her own right, of real or personal property of that value."

In this case it was proven that the commissioner objected to is the owner in his own right of personal property of the value of $250. On behalf of the objecting owner it is insisted that it ought to be held that the provisions of section 1027 apply to commissioners in the county of New York, because otherwise there would be different qualifications required in the different boroughs, to wit, those of section 1079, in the county of New York, comprising the boroughs of Manhattan and of the Bronx, those of section 1126, in the County of Kings, Borough of Brooklyn, and those of section 1027, in the remaining two boroughs of the city of New York. I cannot see, however, that there is any reason why there should not be a difference in the qualifications required of commissioners, the same as in the case of jurors, nor why it should be held that the Legislature, in the various statutes above quoted, has not intended to make such a distinction.

The objection is accordingly overruled.